**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMIE COMEAU, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:24-cv-02750-NGG-RML |
| Plaintiff, | |
| v. | |
| VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH, | |
| Defendants. | |
| MENG QIAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:24-cv-03956-NRM-TAM |
| Plaintiff, | |
| v. | |
| VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF NICK VORAVONGSY AND LEA LUCKETT'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Nick Voravongsy and Lea Luckett ("Voravongsy and Luckett") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*, and 15 U.S.C. § 77z-1, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Voravongsy and Luckett as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Voravongsy and Luckett's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired VinFast Auto Ltd. ("VinFast") f/k/a Black Spade Acquisition Co., ("Black Spade"), securities: (a) pursuant and/or traceable to the Offering Documents issued in connection with the August 2023 merger ("Merger") by and among the Company, Black Spade, and Nuevo Tech Limited; and/or (b) between August 15, 2023 and April 17, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Voravongsy and Luckett are the "most adequate plaintiff" as defined by the PSLRA.

1

Voravongsy and Luckett believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Voravongsy and Luckett satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Voravongsy and Luckett respectfully submits that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Voravongsy and Luckett's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

VinFast describes itself as "an innovative, full-scale mobility platform focused primarily on designing and manufacturing premium EVs ("electric vehicles"), e-scooters, and e-buses." Founded and headquartered in Vietnam, the Company has since expanded its sales and operations into other markets, including Southeast Asia, North America, and Europe. Prior to the Merger, the Company operated as a publicly traded special purpose acquisition company ("SPAC").

On May 12, 2023, VinFast announced that it had entered into a business combination with Black Spade, which purportedly "runs a global portfolio consisting of a wide spectrum of cross-border investments, and consistently seeks to add new investment projects and opportunities to its portfolio."

---

[1] This section is adapted from the complaints in the above-captioned actions.

The complaints in the above-captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors that: (1) VinFast lacked sufficient capital to execute its purported growth strategy; (2) VinFast would be unable to meet its 2023 delivery targets; (3) accordingly, VinFast had overstated the strength of its business model and operational capabilities, as well as its post-Merger business and/or financial prospects; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On October 15, 2023, *Bloomberg* reported that VinFast planned to aggressively move into Southeast Asian markets and that the Company would need to raise "a lot of capital" in order to fuel its global expansion plans and would "rely on [financial] support from parent company Vingroup SC and its founder Pham Nhat Vuong in the next 18 months."

On this news, VinFast's stock price fell $1.45, or 18.2%, to close at $6.53 per share on October 16, 2023, thereby injuring investors.

Then, on January 18, 2024, VinFast disclosed that it had delivered a total of 34,855 EVs in 2023, falling short of its target of 40,000-50,000 units.

On this news, VinFast's stock price fell $0.13, or 2.3%, to close at $5.64 per share on January 18, 2024, thereby injuring investors further.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On April 12, 2024, Plaintiff Jeremie Comeau commenced a securities fraud class action against VinFast and certain of its officers, captioned *Comeau v. VinFast Auto Ltd.*, No. 1:24-cv-

3

02750-NGG-RML (the "*Comeau* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired VinFast securities: (a) pursuant and/or traceable to the Offering Documents issued in connection with the Merger; and/or (b) between August 15, 2023 and January 17, 2024, inclusive.

On May 31, 2024, Plaintiff Meng Qian commenced a similar action, captioned *Qian v. VinFast Auto Ltd.*, No. 1:24-cv-03956-NRM-TAM (the "*Qian* Action," and together with the *Comeau* Action, the "Related Actions"). The *Qian* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired VinFast securities: (a) pursuant and/or traceable to the Offering Documents issued in connection with the Merger; and/or (b) between August 15, 2023 and April 17 2024, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Both of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

**B.** **Voravongsy and Luckett Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Voravongsy and Luckett satisfy all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Voravongsy and Luckett have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Rule 23. In addition, Voravongsy and Luckett are not

5

aware of any unique defenses the defendants could raise against them that would render them inadequate to represent the class. Accordingly, Voravongsy and Luckett respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Voravongsy and Luckett Filed a Timely Motion

Voravongsy and Luckett have made a timely motion in response to a PSLRA early notice. On April 12, 2024, pursuant to the PSLRA, notice was published in connection with the first-filed action against Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Voravongsy and Luckett had sixty days (*i.e.*, until June 11, 2024) to file a motion to be appointed as lead plaintiff. As purchasers of VinFast securities during the Class Period, Voravongsy and Luckett are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certification, Voravongsy and Luckett attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Voravongsy and Luckett satisfy the first requirement to serve as lead plaintiff for the class.

### 2. Voravongsy and Luckett Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Voravongsy and Luckett believe that they has the largest financial interest

6

among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Voravongsy and Luckett purchased VinFast securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $122,185.20. *See* Linkh Decl., Ex. C. To the best of their knowledge, Voravongsy and Luckett are not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Voravongsy and Luckett believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Voravongsy and Luckett Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's

typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Voravongsy and Luckett's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Voravongsy and Luckett's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Voravongsy and Luckett allege that the Defendants' material misstatements and omissions concerning VinFast's business, operations, and financial prospects violated the federal securities laws. Voravongsy and Luckett, like all members of the class, purchased VinFast securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Voravongsy and Luckett's interests and claims are "typical" of the interests and claims of the class.

### b)      Voravongsy and Luckett Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Voravongsy and Luckett have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Luckett resides in Pacific City, Oregon. Luckett formerly worked for Fidelity

8

Investments and held Series 7, 63, and 24 licenses. Voravongsy resides in Champlin, Minnesota. Voravongsy and Luckett are not aware of any conflict between their claims and those asserted on behalf of the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Voravongsy and Luckett have retained GPM and Holzer as co-lead counsel to pursue this litigation on their behalf and will retain the firms as the class's lead counsel in the event they are appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumé attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Nick Voravongsy and Lea Luckett respectfully request that the Court grant their Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Voravongsy and Luckett as Lead Plaintiff; (3) approving their selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 11, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

_Counsel for Nick Voravongsy and Lea Luckett and_
_Proposed Co-Lead Counsel for the Class_

10

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 11, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 11, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh