**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMIE COMEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>      Defendants. | Case No.: 1:24-cv-02750-NGG-RML<br><br>Hon. Nicholas G. Garaufis |
| MENG QIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>      Defendants. | Case No.: 1:24-cv-03956-NRM-TAM<br><br>Hon. Nina R. Morrison |

**MEMORANDUM OF LAW IN SUPPORT OF SARAH QUACH'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................... 2

II.    PROCEDURAL HISTORY .................................................................................... 4

III.   ARGUMENT ........................................................................................................... 5

    A.   Consolidation of the Actions Is Appropriate ................................................... 5

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 6

        1.   Movant Filed a Timely Motion. ................................................................ 7

        2.   Movant Has the Largest Financial Interest in the Relief Sought. .............. 8

        3.   Movant Satisfies the Relevant Requirements of Rule 23. .......................... 8

            a.   Movant's Claims Are Typical. ............................................................. 9

            b.   Movant Is An Adequate Representative. ........................................... 10

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................... 11

IV.    CONCLUSION ...................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................... 5, 6

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) .............................................................................. 8

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 7

*Gurevitch v. KeyCorp, et al.,*
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ....................................................... 10

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001)..................................................................................... 9

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.).......................................................................................... 9

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................... 7

*In re Tesla Inc. Securities Litigation,*
  No. 3:18-cv-4865 (N.D. Cal.) ..................................................................................... 9

*In re U.S. Steel Securities Litigation,*
  No. 2:17-579-CB (W.D. Pa.) ...................................................................................... 9

*Jaramillo v. Dish Network Corporation, et al.,*
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ........................................................... 10

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................... 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................. 10

*Petersen v. Stem, Inc. et. al.,*
  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ........................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ............................................................. 10

*Sofran v. Labranche & Co.,*
  220 F.R.D. 398, 401 (S.D.N.Y. 2004) ........................................................................ 7

*Solomon v. Peloton Interactive, Inc. et al.,*
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ............................................................. 10

*Thant v. Rain Oncology Inc. et al.,*
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................... 10

*Thant v. Veru, Inc. et al.,*
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................ 10

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) .......................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

**Statutes**

15 U.S.C. § 77z-1....................................................................................................*passim*

15 U.S.C. § 78u-4 ...................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23....................................................................................................... 2, 6, 8, 9

Fed. R. Civ. P. 42(a) ................................................................................................. 5

Sarah Quach ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint her as lead plaintiff, and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired VinFast Auto Ltd. ("VinFast" or the "Company") f/k/a Black Spade Acquisition Co. ("Black Spade") securities" (a) pursuant and/or traceable to the Offering Documents issued in connection with the merger ("Merger") consummated on August 14, 2023 by and among the Company, Black Spade, and Nuevo Tech Limited, a Cayman Islands exempted company and wholly owned subsidiary of the Company ("Merger Sub"); and/or (b) between August 15, 2023 and April 17, 2024, both dates inclusive (the "Class Period")[1], concerning claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants VinFast, Le Thi Thu Thuy ("Thuy"), Pham Nhat Vuong ("Vuong"), David Mansfield ("Mansfield"), Anh Thi Lan Nguyen ("Nguyen"), Ngan Wan Sing Winston ("Winston"), Ling

---

[1] The action entitled *Comeau v. VinFast Auto Ltd., et. al.,* Case No. 1:24-cv-02750-NGG-RML (the "*Comeau* Action") defines the Class Period as August 15, 2023 through January 17, 2024, inclusive. The action styled *Qian v. VinFast Auto Ltd., et al.,* No. 1:24-cv-03956-NRM-TAM (the "*Qian* Action") defines the Class Period as August 15, 2023 through April 17, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *Qian* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

Chung Yee Roy ("Roy"), Pham Nguyen Anh Thu ("Thu"), and Nguyen Thi Van Trinh ("Trinh") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[2]

VinFast describes itself as "an innovative, full-scale mobility platform focused primarily on designing and manufacturing premium EVs ("electric vehicles"), e-scooters, and ebuses." ¶ 2. Founded and headquartered in Vietnam, the Company has since expanded its sales and operations into other markets, including Southeast Asia, North America, and Europe. *Id.* Prior to the Merger,

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Comeau* Complaint") filed in the *Comeau* Action. Citations to "*Qian* ¶ __" are to paragraphs of the Class Action Complaint (the "*Qian* Complaint") filed in the *Qian* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Comeau* and *Qian* Complaints. The facts set forth in the *Comeau* and *Qian* Complaints are incorporated herein by reference.

2

the Company operated as a publicly traded special purpose acquisition company ("SPAC"). *Id.*

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶ 9. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) VinFast lacked sufficient capital to execute its purported growth strategy; (ii) VinFast would be unable to meet its 2023 delivery targets; (iii) accordingly, VinFast had overstated the strength of its business model and operational capabilities, as well as its post-Merger business and/or financial prospects; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id.*

On October 15, 2023, *Bloomberg* published an article entitled "VinFast to Expand Into Southeast Asia, Raise More Capital." ¶ 10. The article discussed the Company's plans to aggressively move into Southeast Asian markets, starting with Indonesia, and revealed that, according to VinFast's Chief Executive Officer ("CEO") Le Thi Thu Thuy ("Le"), the Company would need to raise "a lot of capital" in order to fuel its global expansion plans and would "rely on [financial] support from parent company Vingroup JSC and its founder Pham Nhat Vuong in the next 18 months." *Id.*

As the market digested this news, VinFast's ordinary share price dropped 18.17%, or $1.45 per share, to close at $6.53 per share on October 16, 2023. ¶ 11.

Then, on January 18, 2024, VinFast issued a press release announcing its Q4 2023

deliveries. ¶ 12. The press release revealed that the Company delivered a total of 34,855 EVs in 2023, falling well short of its annual deliveries target of 40,000-50,000 units. *Id.* In response, several market analysts commented on the Company's disappointing announcement. For example, Barrons published an article entitled "Vietnamese Carmaker Vinfast Misses 2023 EVs Sales Target" which noted that VinFast was "hoping to compete with EV giants such as Tesla" and was "listed on the Nasdaq in August, ***hitting headlines around the world as its valuation skyrocketed and then crashed***." *Id.*

In response to this news, VinFast's ordinary share price fell $0.13 per share, or 2.25%, to close at $5.64 per share on January 18, 2024, representing a total decline of 84.78% from the Company's first post-Merger closing stock price of $37.06 per share on August 15, 2023 (the "Initial Closing Price"). ¶ 13.

On April 17, 2024, VinFast published a press release announcing its first quarter 2024 ("Q1 2024") financial results. *Qian* ¶ 15. The press release stated that the Company delivered 9,689 EVs in the first quarter of 2024 despite setting a target of 100,000 EVs to be delivered in 2024. *Id.*

On this news, VinFast's ordinary share price dropped approximately 11%, or $0.35, to close on April 17, 2024 at $2.72. *Qian* ¶ 16. This represents a total decline of ***92%*** from the Company's Initial Closing Price. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Comeau* Action against the Defendants. Plaintiff Jeremie Comeau ("Comeau") commenced the first-filed action on April 12, 2024. On that same day, counsel acting on Comeau's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

4

On May 31, 2024, a substantially similar action was filed against VinFast in this Court, the *Qian* Action. Movant has requested consolidation of the *Comeau* and *Qian* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $101,292.87 under the Exchange Act and $19,849.00 under the Securities Act as a result of her transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.   Movant Filed a Timely Motion.

On April 12, 2024, pursuant to 15 U.S.C. § 77z-2(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Comeau published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of VinFast securities that they had 60 days from the publication of the April 12, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (finding that a notice published on *PRNewswire* satisfied Rule 23).

Movant timely filed her motion within the 60-day period following publication of the April 12, 2024 Press Release and submitted herewith a sworn certification attaching her transactions in VinFast securities and attesting that she is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA

7

notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired VinFast securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $101,292.87 under the Exchange Act and $19,849.00 under the Securities Act. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement— the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15

8

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at \*6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning VinFast's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired VinFast securities pursuant and/or traceable to the Offering Documents and/or during the Class Period. *Waterford Twp. Police & Fire*

9

*Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

**b.     Movant Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated her adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that she has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

Moreover, Movant considers herself to be a sophisticated investor. She resides in Ontario, Canada, and possesses a college diploma in Systems Analyst. Movant is currently retired, but prior to that she was employed as a Systems Integrator at the Royal Back of Canada. Further, Movant has experience overseeing attorneys, as she has hired attorneys for real estate matters. See Apton Decl., Ex. D, Movant's Declaration in support of her motion. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

10

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class' Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No.

11

3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.


Dated: June 11, 2024                                    Respectfully Submitted,


                                                        **LEVI & KORSINSKY, LLP**

                                                        By: */s/ Adam M. Apton*
                                                        Adam M. Apton (AS-8383)
                                                        33 Whitehall Street, 17th Floor
                                                        New York, NY 10004
                                                        Tel: (212) 363-7500
                                                        Fax: (212) 363-7171
                                                        Email: aapton@zlk.com

                                                        *Lead Counsel for Sarah Quach and*
                                                        *[Proposed] Lead Counsel for the Class*

12