**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Co-Counsel for Movant and [Proposed] Lead Counsel for Lead Plaintiff and for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMIE COMEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>Defendants. | **CASE No.: 1:24-cv-02750-NGG-RML**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MENG QIAN TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

[Additional caption on next page]

| | |
|---|---|
| MENG QIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>       Defendants, | **Case No**. **1:24-cv-03956-NRM-TAM**<br><br><br><br><u>**CLASS ACTION**</u> |

Plaintiff Meng Qian ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)       consolidating the above-captioned actions;

(b)       appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of VinFast Auto Ltd. ("VinFast" or the "Company") f/k/a Black Spade Acquisition Co. ("Black Spade"): (i) pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the merger ("Merger") consummated on August 14, 2023 by and among the Company, Black Spade, and Nuevo Tech Limited, a Company subsidiary; and/or (ii) between August 15, 2023 and April 17, 2024, both dates inclusive (the "Class Period") [1]; and

---

[1] The first-filed action, *Comeau v. VinFast Auto Ltd., et al.,* case no. 1:24-cv-02750-NGG-RML has a class period of August 15, 2023 and January 17, 2024. The later-filed action, *Qian v. VinFast Auto Ltd., et al*., case no. 1:24-cv-03956-NRM-TAM, has a Class Period of August 15, 2023 and April 17, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig*., 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the

(c)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On April 12, 2024, this first-filed action was filed asserting claims under the Securities Act and the Exchange Act against VinFast Auto Ltd., Le Thi Thu Thuy, Pham Nhat Vuong, David Mansfield, Anh Thi Lan Nguyen, Ngan Wan Sing Winston, Ling Chung Yee Roy, Pham Nguyen Anh Thu, and Nguyen Thi Van Trinh (collectively, "Defendants"), with a class period of August 15, 2023 and January 17, 2024. That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

The related action was filed on May 31, 2024, styled as *Qian v. VinFast Auto Ltd., et al.*, case no. 1:24-cv-03956-NRM-TAM, alleging substantially similar allegations against the same Defendants, but with an expanded Class Period of August 15, 2023 and April 17, 2024.

VinFast describes itself as a "mobility platform" focused on designing and manufacturing premium electric vehicles ("EVs"). It is headquartered in Vietnam. On May 12, 2023, VinFast announced that it had entered into a business combination with Black Spade. On June 15, 2023, VinFast filed a registration statement on Form F-4 (the "Registration Statement") with the SEC in connection with the Merger, which was declared effective by the SEC on July 28, 2023, after several amendments. Also on July 28, 2023, the Company filed a joint prospectus and proxy statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents") on Form 424B3 in connection with the Merger.

---

lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

On August 14, 2023, the Merger was completed. On August 15, 2023, the Company's ordinary shares and warrants began publicly trading on the NASDAQ under the ticker symbols "VFS" and "VFSWW," respectively.

According to the lawsuit, in the Offering Documents and throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) VinFast lacked sufficient capital to execute its purported growth strategy; (2) VinFast would be unable to meet its 2023 delivery targets; accordingly, VinFast had overstated the strength of its business model and operational capabilities, as well as its post-Merger business and/or financial prospects; and (4) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

Then, on October 15, 2023, *Bloomberg* published an article entitled "VinFast to Expand into Southeast Asia, Raise More Capital." It quoted VinFast's CEO as saying that the Company would need a "lot of capital" in order to fuel its global expansion plans and would "rely on [financial] support" from its parent company and its founder over the subsequent 18 months.

On this news, VinFast's ordinary share price fell $1.45 per share, or 18%, to close at $6.53 per share on October 16, 2023.

Then, on January 18, 2024, VinFast issued a press release announcing its Q4 2023 financial results, which revealed that the Company had delivered 34,855 EVs in 2023, well short of its annual deliveries target.

On this news, VinFast's ordinary share price fell $0.13 per share, or 2.25%, to close at $5.64 per share on January 18, 2024, an 84.78% total decline from the Company's first post-Merger closing stock price of $37.06 on August 15, 2023 (the "Initial Closing Price").

3

On April 17, 2024, VinFast published a press release announcing its Q1 2024 financial results. The press release stated that VinFast delivered 9,689 EVs in the first quarter of 2024 despite setting a target of 100,000 EVs to be delivered in 2024.

On this news, VinFast's ordinary share price dropped $0.35, or 11%, to close at $2.72 on April 17, 2024. This represents a 92% total decline from the Initial Closing Price.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii), 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act and the Exchange Act by Defendants arising from the public dissemination of false and misleading

4

information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $94,875.71 in connection with her purchases of Company securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Company securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those

7

asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff. Further, Movant has a master's degree in accounting from the University of Melbourne, has eight years of investing experience, works in corporate finance, and lives in Seattle, Washington.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. and The Schall Law Firm as Co-Lead Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants, and filing the second of the two related cases. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Exs. 4-5 hereto. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the relating actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. and The Schall Law Firm as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

9

Dated: June 11, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Co-Counsel for Movant and [Proposed] Co-Lead
Counsel for Lead Plaintiff and for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Phillip Kim</u>