UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIE COMEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>          v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>          Defendants. | Case No.  1:24-cv-02750-NGG-RML<br><br>Date of Service: May 8, 2024 |
| MENG QIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>          v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>          Defendants. | Case No.  1:24-cv-03956-NRM-TAM |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MAHMOUD ZAYAN
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ........................................................................................................................ 6

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 6

II.     ZAYAN SHOULD BE APPOINTED LEAD PLAINTIFF ............................................... 7

        A.      Zayan Is Willing to Serve as Class Representative ................................................ 8

        B.      Zayan Has the "Largest Financial Interest" ........................................................... 9

        C.      Zayan Otherwise Satisfies the Requirements of Rule 23...................................... 10

        D.      Zayan Will Fairly and Adequately Represent the Interests of the Class and Is Not
                Subject to Unique Defenses ................................................................................... 13

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 13

CONCLUSION.................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)..............................................................................10

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) .............................................................................................11

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................6

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
    2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................................................................9

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)...........................................................................12

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
    1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .............................................................................11

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................12

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .........................................................................................11

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)......................................................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)............................................................................10

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992)....................................................................................................11

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...........................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ................................................................................................14

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................9, 11

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
2008 WL 2811358 (S.D.N.Y. July 7, 2008) .............................................................................11

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................11

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................................6

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ..............................................................................................11

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)......................................................................................................6

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................11

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ..............................................................................................13

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................................................9

*Malcolm v. Nat'l Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993)........................................................................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).............................................................................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................................9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................................14

## Statutes

15 U.S.C. §§ 77z-1.............................................................................................................2, 9, 10, 12

15 U.S.C. § 78u-4 ...........................................................................................................................1, 8

Private Securities Litigation Reform Act of 1995 .............................................................. *passim*

Securities Act of 1933 Section 27.....................................................................................................1

Securities Exchange Act of 1934 .......................................................................................1, 2, 11

### Rules

Fed. R. Civ. P. 23 ................................................................................................... *passim*

Fed. R. Civ. P. 42 ...............................................................................................................1, 2, 6

Mahmoud Zayan ("Zayan") respectfully submits this memorandum of law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Zayan as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired VinFast Auto Ltd. ("VinFast" or the "Company") f/k/a Black Spade Acquisition Co. ("Black Spade") securities: (a) pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the merger ("Merger") consummated on August 14, 2023 by and among the Company, Black Spade, and Nuevo Tech Limited, a Cayman Islands exempted company and wholly owned subsidiary of the Company ("Merger Sub"); and/or (b) between August 15, 2023 and April 17 2024, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Securities and Exchange Acts. VinFast

---

[1] On April 12, 2024, the first-filed of the Related Actions was filed in this Court, styled *Comeau v. VinFast Auto Ltd. et al*, No. 1:24-cv-02750 (the "*Comeau* Action"), alleging a class period including persons and entities that purchased or otherwise acquired VinFast securities between August 15, 2023 and January 17 2024, inclusive. *See* Dkt. No. 1 at 1 ¶ 1. On May 31, 2024, a second action alleging substantially the same wrongdoing as the *Comeau* Action against the same defendants was filed in this Court, styled *Qian v. VinFast Auto Ltd. et al*, No. 1:24-cv-03956 (the "*Qian* Action"), alleging a larger class period including all purchasers of VinFast securities between August 15, 2023 and April 17 2024, inclusive. *See Qian* Action, Dkt. No. 1 at 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the largest class period alleged in the *Qian* Action.

1

investors, including Zayan, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused VinFast's share price to fall sharply, damaging Zayan and other VinFast investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Securities and Exchange Acts by the same defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). Pursuant and/or traceable to the Offering Documents issued in connection with the Merger and/or during the Class Period, Zayan purchased 32,500 VinFast shares, expended $289,000 on these purchases, retained 25,000 of his VinFast shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $137,850 in connection with his transactions in VinFast securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Zayan believes that he has the largest financial interest in the relief sought in this litigation. Beyond his considerable financial interest, Zayan also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Zayan has selected Pomerantz as Lead Counsel for the Class. Pomerantz

2

is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Zayan respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Zayan as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the *c*omplaints in the Related Actions, VinFast describes itself as "an innovative, full-scale mobility platform focused primarily on designing and manufacturing premium EVs ("electric vehicles"), e-scooters, and ebuses."  Founded and headquartered in Vietnam, the Company has since expanded its sales and operations into other markets, including Southeast Asia, North America, and Europe.  Prior to the Merger, the Company operated as a publicly traded special purpose acquisition company.

On May 12, 2023, VinFast announced that it had entered into a business combination with Black Spade, which purportedly "runs a global portfolio consisting of a wide spectrum of cross-border investments, and consistently seeks to add new investment projects and opportunities to its portfolio."

On June 15, 2023, VinFast filed a registration statement ("Registration Statement") on Form F-4 with the United States Securities and Exchange Commission ("SEC") in connection with the Merger, which, after several amendments, was declared effective by the SEC on July 28, 2023.

Also on July 28, 2023, the Company filed a joint prospectus and proxy statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents") on Form

3

424B3 with the SEC in connection with the Merger, which incorporated and formed part of the Registration Statement.

On August 14, 2023, the Company consummated the Merger whereby, among other things, Merger Sub merged with and into Black Spade, with Black Spade surviving the transaction as a wholly owned subsidiary of the Company.

On August 15, 2023, the Company's ordinary shares and warrants began publicly trading on the Nasdaq Global Select Market under the ticker symbols "VFS" and "VFSWW," respectively.

Leading up to and following the Merger, VinFast repeatedly represented that the Company was focused on "achieving operational efficiency and technological integration" and "continuously improv[ing] [its] processes to deliver world-class products."  Indeed, the Company touted that that it possessed such strengths as a "Comprehensive Mobility Ecosystem with Strategic Focus on High Growth Segments" and a "Demonstrated Speed to Market and Ability to Execute."  In particular, the Company indicated that it aimed to accomplish its long-term growth strategies by, in part, "continu[ing] growing [its] global footprint into areas where [it] expect[ed] high [electric vehicle ("EV")] demand growth," and stated that it expected "[d]eliveries of vehicles to be between 40,000 and 50,000 vehicles in FY2023."

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.  Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, the Offering Documents and Defendants made false and/or misleading statements

4

and/or failed to disclose that: (i) VinFast lacked sufficient capital to execute its purported growth strategy; (ii) VinFast would be unable to meet its 2023 delivery targets; (iii) accordingly, VinFast had overstated the strength of its business model and operational capabilities, as well as its post-Merger business and/or financial prospects; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On October 15, 2023, *Bloomberg* published an article entitled "VinFast to Expand Into Southeast Asia, Raise More Capital." The article discussed the Company's plans to aggressively move into Southeast Asian markets, starting with Indonesia, and revealed that, according to VinFast's Chief Executive Officer Le Thi Thu Thuy, the Company would need to raise "a lot of capital" in order to fuel its global expansion plans and would "rely on [financial] support from parent company Vingroup JSC and its founder Pham Nhat Vuong in the next 18 months."

On this news, VinFast's ordinary share price fell $1.45 per share, or 18.17%, to close at $6.53 per share on October 16, 2023.

Then, on January 18, 2024, VinFast issued a press release announcing its Q4 2023 deliveries. The press release revealed that the Company delivered a total of 34,855 EVs in 2023, falling well short of its annual deliveries target of 40,000-50,000 units. In response, several market analysts commented on the Company's disappointing announcement. For example, *Barrons* published an article entitled "Vietnamese Carmaker Vinfast Misses 2023 EVs Sales Target" which noted that VinFast was "hoping to compete with EV giants such as Tesla" and was "listed on the Nasdaq in August, hitting headlines around the world as its valuation skyrocketed and then crashed."

On this news, VinFast's ordinary share price fell $0.13 per share, or 2.25%, to close at $5.64 per share on January 18, 2024, representing a total decline of 84.78% from the Company's first post-Merger closing stock price of $37.06 per share on August 15, 2023 (the "Initial Closing Price").

As of the time the complaints in the Related Actions were filed, VinFast's ordinary shares were trading significantly below their Initial Closing Price and continue to trade below their initial value from the Merger, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Zayan and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).    Differences in causes of action, defendants, or the class period do not render

consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the same defendants in connection with violations of Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.   Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the prices of VinFast's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

II.    ZAYAN SHOULD BE APPOINTED LEAD PLAINTIFF

Zayan should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative

7

class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i).    In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.    *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).    The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Zayan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    Zayan Is Willing to Serve as Class Representative

On April 12, 2024, Pomerantz, counsel for plaintiff in the *Comeau* Action, caused the statutorily required Notice of this litigation to be published via *PRNewswire* pursuant to Section Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against VinFast and other defendants, and which advised investors in

8

VinFast securities that they had 60 days from the date of the Notice's publication—*i.e.*, until June 11, 2024—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.

Zayan has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Zayan satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.    Zayan Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Zayan has the largest financial interest of any VinFast investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286,

---

[2] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

Pursuant and/or traceable to the Offering Documents issued in connection with the Merger and/or during the Class Period, Zayan: (1) purchased 32,500 VinFast shares; (2) expended $289,000 on these purchases; (3) retained 25,000 VinFast shares; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $137,850 in connection with his transactions in VinFast securities. *See* Lieberman Decl., Ex. A. To the extent that Zayan possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

C.   Zayan Otherwise Satisfies the Requirements of Rule 23

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-

10

CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296. Moreover, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Zayan.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Zayan's claims are typical of those of the Class. Zayan alleges, like other Class members, that Defendants violated the Securities and Exchange Acts by making what they knew or should have known were false or misleading statements of material facts concerning VinFast,

11

or by omitting to state material facts necessary to make the statements they did make not misleading. Zayan, like other Class members, purchased or acquired VinFast securities pursuant and/or traceable to the Offering Documents issued in connection with the Merger and/or during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove VinFast's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at \*2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Zayan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). In addition to Pomerantz, Zayan is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation. There is no evidence of antagonism or conflict between Zayan's interests and those of the Class. Moreover, Zayan has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and his significant

12

financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Zayan has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

> D.     Zayan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Zayan as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or

> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Zayan's ability and desire to fairly and adequately represent the Class has been discussed above.  Zayan is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Zayan should be appointed Lead Plaintiff for the Class.

III.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See id.* §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383

(S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Zayan has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, Zayan's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Zayan's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

14

CONCLUSION

For the foregoing reasons, Zayan respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Zayan as Lead Plaintiff for the Class; and (3) approving Zayan's selection of Pomerantz as Lead Counsel for the Class.

Dated:  June 11, 2024                    Respectfully submitted,

                                         POMERANTZ LLP

                                         /s/ Jeremy A. Lieberman
                                         Jeremy A. Lieberman
                                         J. Alexander Hood II
                                         Thomas H. Przybylowski
                                         600 Third Avenue, 20th Floor
                                         New York, New York 10016
                                         Telephone: (212) 661-1100
                                         Facsimile: (917) 463-1044
                                         jalieberman@pomlaw.com
                                         ahood@pomlaw.com
                                         tprzybylowski@pomlaw.com

                                         *Counsel for Mahmoud Zayan and Proposed Lead Counsel for the Class*

                                         BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
                                         Peretz Bronstein
                                         60 East 42nd Street, Suite 4600
                                         New York, New York 10165
                                         Telephone: (212) 697-6484
                                         Facsimile: (212) 697-7296
                                         peretz@bgandg.com

                                         *Additional Counsel for Mahmoud Zayan*

15