UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| JEREMIE COMEAU, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:24-cv-02750-NGG-RML |
| | : | |
| Plaintiff, | : | <u>CLASS ACTION</u> |
| | : | |
| vs. | : | |
| | : | |
| VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH, | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| MENG QIAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:24-cv-03956-NRM-TAM |
| | : | |
| Plaintiff, | : | <u>CLASS ACTION</u> |
| | : | |
| vs. | : | |
| | : | |
| VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH, | : | |
| Defendants. | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**
**Date of Service: June 11, 2024**

4854-4176-7878.v1

## I.       INTRODUCTION

The above-captioned related cases are putative securities class actions on behalf of purchasers or acquirers of VinFast Auto Ltd. ("VinFast" or the "Company") securities: (a) pursuant and/or traceable to the offering documents issued in connection with the merger consummated on August 14, 2023 by and among VinFast, Black Spade Acquisition Co., and Nuevo Tech Limited, a Cayman Island exempted company and wholly owned subsidiary of VinFast (the "Merger"); and/or (b) between August 15, 2023 and April 17, 2024 (the "Class Period"), alleging violations of the Securities Act of 1933 (the "1933 Act") and/or the Securities Exchange Act of 1934 (the "1934 Act") against defendants.[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[2]  As discussed herein, the Related Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because they involve similar legal and factual issues and will involve the same discovery.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Dr. Filippo Nannicini, Alessandra

---

[1]      The Related Actions are *Comeau v. VinFast Auto Ltd.*, No. 1:24-cv-02750-NGG-RML (alleging a class period of between August 15, 2023 and January 17, 2024), and *Qian v. VinFast Auto Ltd.*, No. 1:24-cv-03956-NRM-TAM (alleging a class period of between August 15, 2023 and April 17, 2024).

[2]      The lead plaintiff provisions of the 1933 Act and the 1934 Act are virtually identical. *Compare* 15 U.S.C. §77z-1(a)(3), *with* 15 U.S.C. §78u-4(a)(3).  For purposes of this motion, counsel for the Nannicinis cites only to the 1934 Act provisions.

- 1 -

Nannucci, and Lorenzo Nannicini respectfully submit that they are the presumptively most adequate plaintiff in this case because they have filed a timely motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Nannicinis' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

VinFast describes itself as "an innovative, full-scale mobility platform focused primarily on designing and manufacturing premium EVs ("electric vehicles"), e-scooters, and e-buses." Prior to the Merger, VinFast operated as a publicly traded special purpose acquisition company (SPAC or blank-check company).

The complaints allege that defendants, throughout the Class Period and in the offering documents, made false and/or misleading statements and/or failed to disclose that: (i) VinFast lacked sufficient capital to execute its purported growth strategy; (ii) the Company would be unable to meet its 2023 delivery targets; and (iii) accordingly, VinFast had overstated the strength of its business model and operational capabilities, as well as its post-Merger business and/or financial prospects.

The complaints further allege that, on October 15, 2023, *Bloomberg* published an article entitled "VinFast to Expand Into Southeast Asia, Raise More Capital," which revealed that the Company would need to raise "a lot of capital" in order to fuel its global expansion plans and would "rely on [financial] support from parent company Vingroup JSC and its founder Pham Nhat Vuong in the next 18 months." On this news, the price of VinFast ordinary shares fell more than 18%.

4854-4176-7878.v1

Then, on January 18, 2024, VinFast revealed that it delivered a total of 34,855 EVs in 2023, falling well short of its annual deliveries target of 40,000-50,000 units.  On this news, the price of VinFast ordinary shares fell.

The *Qian* action further alleges that on April 17, 2024, VinFast revealed that the Company delivered 9,689 EVs in the first quarter of 2024 despite setting a target of 100,000 EVs to be delivered in 2024.  On this news, the price of VinFast ordinary shares fell more than 11%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Nannicinis and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

The Related Actions present nearly identical factual and legal issues, alleging similar violations of the federal securities laws against the same defendants in overlapping class periods and are based on common underlying facts and involve largely the same legal issues.  Thus, consolidation is appropriate here.  *See Tan v. NIO Inc,* 2020 WL 1031489, at *2 (E.D.N.Y. Mar. 3, 2020) (consolidating securities cases that involve substantially similar claims and common questions of law and fact where the "complaints vary to some degree in terms of the level of detail they provide").

4854-4176-7878.v1

**B.      The Nannicinis Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on April 12, 2024.  *See* Exhibit A attached to the Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *NIO*, 2020 WL 1031489, at *3.  The Nannicinis meet these requirements and should be appointed lead plaintiff.

**1.      The Nannicinis' Motion Is Timely**

The April 12, 2024, statutory notice published in this case advised purported class members of the pendency of the first-filed *Comeau* action, the claims and allegations asserted, as well as the

- 4 -

right to move the Court to be appointed as lead plaintiff no later than June 11, 2024. *See* Rosenfeld Decl., Ex. A. Because the Nannicinis' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2. The Nannicinis Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Nannicinis purchased thousands of shares of VinFast securities and suffered more than $262,000 in losses as a result of defendants' alleged violations of the securities laws. *See* Rosenfeld Decl., Exs. B, C. To the best of the Nannicinis' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Nannicinis Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). However, at this early stage of litigation, "satisfaction of the third prong requires only that the movant 'make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Nio*, 2020 WL 1031489, at *3 (citation omitted).

"The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharms. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

- 5 -

4854-4176-7878.v1

Here, the Nannicinis' claims are typical of those of the class because, like all putative class members, they: (1) purchased VinFast securities during the Class Period in reliance on the allegedly false and misleading statements; and (2) suffered a loss as a result of defendants' alleged misconduct. Substantially similar and compatible legal theories and discovery will be required to prove defendants' liability and damages. The Nannicinis therefore satisfy the typicality requirement of Rule 23.

The Nannicinis are also adequate because their interests in the action are aligned with the interests of the other members of the class. The Nannicinis are highly incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing based on, among other things, the substantial losses they suffered. Further, as detailed in their Joint Declaration, the Nannicinis are a family (Dr. Filippo Nannicini is married to Alessandra Nannucci, and Lorenzo Nannicini is their son) of experienced investors who are committed to collaboratively overseeing counsel to ensure that the class's claims are efficiently and zealously prosecuted. *See* Rosenfeld Decl., Ex. D. Accordingly, the Nannicinis readily satisfy the adequacy requirement.

Because the Nannicinis filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

## C.    The Court Should Approve the Nannicinis' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Nannicinis have selected Robbins Geller to serve as lead counsel in this case.[3]

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

4854-4176-7878.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Parot v. Clarivate Plc*, 2022 WL 1568735 at *8 (E.D.N.Y. May 18, 2022) ("This Court concludes, as have other courts in this Circuit, that based on the firm's experience, Robbins Geller is qualified to serve as lead counsel in securities class actions.") (collecting cases); *Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharms. Inc.*, 2019 WL 7287202, at *5 (E.D.N.Y. May 24, 2019) (appointing Robbins Geller as lead counsel); *Yang v. Tr. for Advised Portfolios*, 2022 WL 970772, at *5 (E.D.N.Y. Mar. 31, 2022) (same); *see also In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 34 (E.D.N.Y. 2019) (Robbins Geller [and co-counsel] "arduously represented a variety of plaintiffs' groups in this action[,] . . . [and] negotiated what [may be] the largest antitrust settlement in history."). Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props. Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-

4854-4176-7878.v1

LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).

Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

Based upon Robbins Geller's experience and track record as counsel in securities class actions, the Nannicinis' selection of lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, the Nannicinis have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Nannicinis respectfully request that the Court: (i) consolidate the Related

---

[4]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4854-4176-7878.v1

Actions; (ii) appoint the Nannicinis as lead plaintiff; and (iii) approve the Nannicinis' selection of lead counsel.

DATED:  June 11, 2024                              Respectfully submitted,

                                                   ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                   SAMUEL H. RUDMAN
                                                   DAVID A. ROSENFELD


                                                   _____
                                                        *s/ David A. Rosenfeld*
                                                   DAVID A. ROSENFELD

                                                   58 South Service Road, Suite 200
                                                   Melville, NY  11747
                                                   Telephone:  631/367-7100
                                                   srudman@rgrdlaw.com
                                                   drosenfeld@rgrdlaw.com

                                                   ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                                   JUAN CARLOS SANCHEZ
                                                   KENNETH P. DOLITSKY
                                                   655 West Broadway, Suite 1900
                                                   San Diego, CA  92101
                                                   Telephone:  619/231-1058
                                                   619/231-7423 (fax)
                                                   jsanchez@rgrdlaw.com
                                                   kdolitsky@rgrdlaw.com

                                                   Proposed Lead Counsel for Proposed Lead Plaintiff

4854-4176-7878.v1