UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIE COMEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>Defendants. | Case No. 1:24-cv-02750-NGG-RML<br><br>Date of Service: June 25, 2024 |
| MENG QIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINFAST AUTO LTD., LE THI THU THUY, PHAM NHAT VUONG, DAVID MANSFIELD, ANH THI LAN NGUYEN, NGAN WAN SING WINSTON, LING CHUNG YEE ROY, PHAM NGUYEN ANH THU, and NGUYEN THI VAN TRINH,<br><br>Defendants. | Case No. 1:24-cv-03956-NRM-TAM |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MAHMOUD ZAYAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN RESPONSE TO COMPETING MOTIONS

Movant Zayan[1] respectfully submits this memorandum of law in support of consolidation of the Related Actions, appointment as Lead Plaintiff of the Section 11 Class (as defined below), and approval of Pomerantz as Lead Counsel for the Section 11 Class; and in response to the competing motions of (i) Dr. Filippo Nannicini, Alessandra Nannucci; and Lorenzo Nannicini (collectively, the "Nannicinis") (Dkt No. 20); and (ii) Nick Voravongsy and Lea Luckett (together, "Voravongsy and Luckett") (Dkt. No. 13).[2]

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants defrauded investors in violation of, *inter alia*, Section 11 of the Securities Act ("Section 11") and Section 10(b) of the Exchange Act ("Section 10(b)"), and define the "Class" in this litigation as consisting of two groups of investors:

(a) all persons and entities [. . .] that purchased or otherwise acquired VinFast securities pursuant and/or traceable to the Offering Documents [. . .] issued in connection with the merger [] consummated on August 14, 2023 by and among the Company, Black Spade, and Nuevo Tech Limited, a Cayman Islands exempted company and wholly owned subsidiary of the Company (the "Section 11 Class"); or

(b) all persons and entities [. . .] that purchased or otherwise acquired VinFast securities between August 15, 2023 and April 17, 2024, both dates inclusive (the "Section 10(b) Class").

*See*, *e.g.*, Dkt. No. 1 ¶ 1; *Qian* Action Dkt. No. 1 ¶ 1.

The PSLRA governs the process for appointment of a Lead Plaintiff in this litigation and instructs the Court to appoint as Lead Plaintiff the movant with the largest financial interest in

---

[1] All capitalized terms herein are defined in Zayan's moving brief, unless otherwise indicated. *See* Dkt. No. 18.

[2] Initially, two other putative Class members, Sarah Quach ("Quach") and Meng Qian ("Qian"), filed similar competing motions. *See* Dkt. Nos. 16, 17. On June 12, 2024, Quach filed a notice withdrawing her motion. Dkt. No. 24. On June 25, 2024, Qian filed a notice of non-opposition to competing motions. Dkt. No. 25.

1

the relief sought by the Class; and who satisfies the requirements of Rule 23. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).  Zayan respectfully submits that he satisfies the statutory criteria for appointment as Lead Plaintiff on behalf of the Section 11 Class.  The table below sets forth Zayan's losses compared to those of the other movants:

| Movant | Section 10(b) | Section 11 |
|---|---|---|
| Zayan | $133,396 | $137,850 |
| Nannicinis | $262,847 | $131,880 |
| Voravongsy and Luckett | $122,185 | $55,068 |

Here, it appears that the Nannicinis have the "largest financial interest" of the Section 10(b) Class within the meaning of PSLRA.[3]  However, with respect to the Section 11 Class, Zayan's loss is larger than that of any competing movant.  The movants with the next largest Section 11 loss, the Nannicinis, incurred a loss of only $131,880—nearly $6,000 less than Zayan.  As such, Zayan has the greatest financial interest of the PSLRA of any putative Section 11 Class member seeking appointment as Lead Plaintiff of the Section 11 Class.  *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

Second, in addition to his significant financial interest, Zayan also satisfies the typicality and adequacy requirements of Rule 23.  First, Zayan's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Section 11 Class's claims.  *See*, *e.g.*, *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-*4 (S.D.N.Y. Apr. 4, 2018).  Second, Zayan is also adequate to represent the Section 11 Class under Rule 23.  Zayan's significant losses give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution;

---

[3] Given his loss of $133,396 incurred in connection with Defendants' violation of Section 10(b) and his satisfaction of the requirements of Rule 23, Zayan remains ready and willing to serve as Lead Plaintiff of the Section 10(b) Class should the Court decline to appoint the Nannicinis.

Zayan is aware of no conflict between his interests and those of the putative Section 11 Class; and in Pomerantz, Zayan has retained qualified and experienced class counsel. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at \*2 (S.D.N.Y. Apr. 12, 2018). Zayan has further demonstrated his adequacy by the submission of a Declaration with his initial motion papers, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of fellow Class members. *See generally* Dkt. No. 19-7.

Accordingly, for the reasons set forth herein, Zayan respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Zayan as Lead Plaintiff on behalf of the Section 11 Class, and approving Zayan's selection of Pomerantz as Lead Counsel for the Section 11 Class.

## ARGUMENT

**I. APPOINTMENT OF SEPARATE LEAD PLAINTIFFS FOR THE SECTION 10(B) AND SECTION 11 CLASSES IS WARRANTED**

As a threshold matter, Zayan respectfully submits that appointment of separate leadership is warranted. The Section 10(b) Class's claims encompass a significantly broader swathe of investors and will seek to prove, *inter alia*, that Defendants deceived the investing public and caused investors to purchase VinFast securities at artificially inflated prices on the open market during the Class Period, and that Section 10(b) Class members were damaged when the truth emerged, causing the value of their Class Period purchases of VinFast securities to decline. Dkt. No. 1 ¶¶ 1-13; *Qian* Action Dkt. No. 1 ¶¶ 1-16. The Section 11 Class consists of a comparatively smaller group of investors—that is, only investors who purchased VinFast securities pursuant and/or traceable to the Offering Documents issued in connection with the

3

Merger consummated on August 14, 2023 by and among the Company, Black Spade, and Nuevo Tech Limited, and were damaged when the truth emerged, causing the value of their purchases of VinFast securities pursuant and/or traceable to the Offering Documents issued in connection with the Merger to decline. *See generally id.*

Moreover, the members of the Section 10(b) Class will face more stringent pleading requirements than the members of the Section 11 Class. Specifically, to recover for violations of Section 10(b), a plaintiff must prove "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation" and plead both scienter and loss causation with particularity. *See City of Westland Police & Fire Ret. Sys. v. Metlife, Inc.*, No. 12-cv-0256 (LAK), 2016 WL 6652731, at *7 (S.D.N.Y. Nov. 10, 2016). By contrast, "Section 11 plaintiffs, unlike Section 10(b) plaintiffs, need not allege *scienter*, reliance, or loss causation in order to state a cognizable claim." *See id.* at *15 (emphasis in original). In addition, Section 11 Class members may recover damages under the more favorable standard of strict liability, meaning that "[a] plaintiff does not need to allege the manner in which a material misstatement on a securities filing was made—innocently, negligently, fraudulently or otherwise." *See In re Cinar Corp. Securities Litigation*, No. MDL 00-1362(RJD), 186 F. Supp. 2d 279, 306-307 (E.D.N.Y. 2002). Accordingly, given the significant distinctions between these claims, a single lead plaintiff may be conflicted in representing multiple classes that will face different hurdles and may therefore be incentivized to settle at different stages of the proceedings. Moreover, to appoint a single movant as lead plaintiff on behalf of both Section 10(b) and 11 classes, despite that movant having suffered lower Section 11 losses than a competing movant, would be to implicitly afford

4

greater weight to losses incurred under Section 10(b) when applying the PSLRA's "largest financial interest" standard, a preference which is ***not*** contemplated by the statute.

As a result of the foregoing, class leadership in securities class actions alleging both Section 11 and Section 10(b) claims commonly include separate representatives for each claim. *See*, *e.g.*, *Harris v. AmTrust Fin. Servs.*, 135 F. Supp. 3d 155, 159 n.2 (S.D.N.Y. 2015) (noting that different lead plaintiffs were appointed in the litigation to represent a Section 10(b) class and Section 11 sub-class); *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02cv870-J (RBB), 2002 WL 32769239, at *1 (S.D. Cal. Oct. 09, 2002) (appointing different lead plaintiffs for a class consisting of plaintiffs seeking recovery under Section 10(b) and a class consisting of plaintiffs seeking recovery under Section 11); *see also In re BP, PLC Sec. Litig.*, 10-md-2185, 758 F. Supp. 2d 428, 441 (S.D. Tex. 2010) (finding that "[t]he appointment of two lead plaintiffs and creation of a subclass to [insure that independent classes with conflicts are protected by subdivision and separate representation] does not conflict with the PSLRA's primary goal of shifting control of securities class actions from lawyers to investors").

## II.    ZAYAN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE SECTION 11 CLASS

### A.    Zayan Has the "Largest Financial Interest" with Respect to Section 11 Claims

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley*, 272 F.R.D. at 128 (equating financial interest with economic

loss); *Chahal*, 2018 WL 3093965, at *4 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 2 illustrates, Zayan suffered a loss of approximately $137,850 under Section 11.  The movants with the next largest Section 11 loss, the Nannicinis, incurred a loss of only $131,880—nearly $6,000 less than Zayan.  Accordingly, no movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest under Section 11 in the litigation than Zayan.

**B.    Zayan Otherwise Satisfies the Requirements of Rule 23 with Respect to the Section 11 Class**

In addition to possessing the largest financial interest in the relief sought by the Section 11 Class, Zayan has also made the requisite *prima facie* showings that he satisfies the typicality and adequacy requirements of Rule 23 with respect to the Section 11 Class.  *Aude*, 2018 WL 1634872, at *3.

First, Zayan's Section 11 claims in this Action satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the claims of other Section 11 Class members.  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian*

6

*Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010).  Second, Zayan satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Section 11 Class, is aware of no conflict between his interests and those of other Section 11 Class members, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Section 11 Class. *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at *2.  Zayan has further demonstrated his adequacy by the submission of a Declaration attesting to, *inter alia*, his background and investment experience; his understanding of the posture of this litigation; his understanding of the significance of his motion; his understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and his readiness to undertake those responsibilities on behalf of the Class.  *See generally* Dkt. No. 19-7.

* * * *

Because Zayan has the largest financial interest in the relief sought by the Section 11 Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Section 11 Class within the meaning of the PSLRA.  To overcome the strong presumption entitling Zayan to appointment as Lead Plaintiff of the Section 11 Class, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## III.    ZAYAN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v)), 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15

7

U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Zayan has selected Pomerantz as Lead Counsel for the Section 11 Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade. *See* Dkt. No. 22. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* Thus, the Court may be assured that by approving the selection of counsel by Zayan, the members of the Section 11 Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Zayan respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Zayan as Lead Plaintiff on behalf of the Section 11 Class; and (3) approving Zayan's selection of Pomerantz as Lead Counsel for the Section 11 Class.

Dated:  June 25, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Mahmoud Zayan and Proposed Lead*
*Counsel for the Section 11 Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Mahmoud Zayan*

9