UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

——————————————————————————— x

JEREMIE COMEAU, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

      vs.

VINFAST AUTO LTD., LE THI THU THUY,
PHAM NHAT VUONG, DAVID
MANSFIELD, ANH THI LAN NGUYEN,
NGAN WAN SING WINSTON, LING
CHUNG YEE ROY, PHAM NGUYEN ANH
THU, and NGUYEN THI VAN TRINH,

                   Defendants.

: Civil Action No. 1:24-cv-02750-NGG-RML

: **CLASS ACTION**

——————————————————————————— x

MENG QIAN, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiff,

      vs.

VINFAST AUTO LTD., LE THI THU THUY,
PHAM NHAT VUONG, DAVID
MANSFIELD, ANH THI LAN NGUYEN,
NGAN WAN SING WINSTON, LING
CHUNG YEE ROY, PHAM NGUYEN ANH
THU, and NGUYEN THI VAN TRINH,

                   Defendants.

: Civil Action No. 1:24-cv-03956-NGG-RML

: **CLASS ACTION**

——————————————————————————— x

**THE NANNICINIS' OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

4854-7551-2523.v1

## I.    INTRODUCTION AND BACKGROUND

Five motions were filed by class members seeking consolidation of the related actions, appointment as lead plaintiff, and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Dr. Filippo Nannicini, Alessandra Nannucci, and Lorenzo Nannicini; (2) Mahmoud Zayan; (3) Nick Voravongsy and Lea Luckett; (4) Sarah Quach; and (5) Meng Qian.[1]  *See* ECF 13, 16, 17, 19, 20.  On June 12, 2024, Sarah Quach filed a notice of withdrawal of her motion.  *See* ECF 24.  On June 25, 2024, Meng Qian filed a notice of non-opposition.  *See* ECF 25.  Also on June 25, 2024, Nick Voravongsy and Lea Luckett filed a notice of non-opposition to the Nannicinis' motion.  *See* ECF 26. [2]

Based on information provided in the original submissions by the lead plaintiff movants, the Nannicinis are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Nannicinis' loss of $262,254 is ***nearly double*** the loss claimed by the movant with the next largest loss, and the Nannicinis otherwise meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the Nannicinis should be appointed as Lead Plaintiff and their selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to the PSLRA, the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Jonathan Tan v. Nio Inc.*, 2020 WL 1031489, at

---

[1]    All movants agree the above-captioned related securities class actions should be consolidated.  Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    Voravongsy and Luckett noted that "[h]aving reviewed the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that the Nannicinis have the largest financial interest."  *Id.*

- 1 -

*3 (E.D.N.Y. Mar. 3, 2020). Though "[t]he PSLRA does not specify the method of calculating which plaintiff has the 'largest financial interest[,]' [c]ourts have typically considered . . . the 'Olsten-Lax' factors[] to determine who has the greatest financial interest." *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007). "The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011).

"[T]he fourth factor [(approximate loss)] 'is by far the most important.'" *Maeshiro v. Yatsen Holding Ltd.*, 2023 WL 4684106, at *4 (S.D.N.Y. July 21, 2023); *Comverse*, 2007 WL 680779, at *3 (this Court observing that "[m]ost courts consider the fourth factor, the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest"). Indeed, the vast majority of courts have found that approximate loss is outcome determinative as "[t]he first three factors have almost no independent significance." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019) ("Under the *Olsten* criteria, Sanders has the largest financial interest. Although City of Warren purchased a greater number of total and net shares during the class period and expended a greater amount of net funds, Sanders has a greater loss by approximately $27,000. The approximate loss is the most important factor.").

Accordingly, based on the movants' own representations of their financial interest in the relief sought by the class in these related securities class actions,[3] there can be no legitimate dispute

---

[3]      *See* ECF 19-2 at 2 ("Pursuant and/or traceable to the Offering Documents issued in connection with the Merger and/or during the Class Period, Zayan purchased 32,500 VinFast shares, expended $289,000 on these purchases, retained 25,000 of his VinFast shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $137,850 in connection with his transactions in VinFast securities."); *see also* ECF 21 at 5 ("As evidenced by their Certifications and loss chart, the Nannicinis purchased thousands of shares of VinFast securities and

- 2 -

4854-7551-2523.v1

that the Nannicinis possess the "largest financial interest" in this litigation, possessing ***approximately***

***double*** the losses of Mr. Zayan:

| Movant | Factor 1 Total Shares Purchased | Factor 2 Net Shares Purchased | Factor 3 Net Funds Expended | Factor 4 Approximate Loss |
|---|---|---|---|---|
| **The Nannicinis** | 27,700 | 20,750 | $341,244 | **$262,254** |
| Mahmoud Zayan | 32,500 | 25,000 | $227,849 | **$137,850** |
| *Nick Voravongsy and Lea Luckett* | 4,419 | 4,419 | $138,880 | $122,185 |
| *Sarah Quach (withdrawn)* | 5,908 | 4,612 | $118,862 | $101,292 |
| *Meng Qian (non-opposition)* | 54,641 | 54,641 | $306,643 | $94,875 |

*See* ECF 23-3, 19-4, 15-3, 16-5, 18-3.

The Nannicinis' more than 90% greater losses are enough to afford them the largest financial interest, but they also carry the day under the "net funds expended," factor, which – among the few courts that do consider the other factors – is the second-most helpful factor when examining a movant's financial interest. *See Richman*, 274 F.R.D. at 475-76 ("[A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the ***least*** important and the loss suffered (Factor 4) is the ***most*** important."); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("While the first two

suffered more than $262,000 in losses as a result of defendants' alleged violations of the securities laws.").

- 3 -

factors favor Maa and the third factor favors Bennett, the fourth factor in this case—the most important factor—strongly favors Bennett.").[4]

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Nannicinis must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there is no question that the Nannicinis satisfy these requirements. *See* ECF 21 at 5-6. Like all class members, the Nannicinis purchased VinFast securities and suffered harm as a result of defendants' alleged misconduct. As a close-knit family of experienced investors, the Nannicinis are fully committed to overseeing this litigation and ensuring the class's claims are efficiently and zealously prosecuted. Because the Nannicinis clearly have the largest financial interest and satisfy Rule 23's requirements, the Nannicinis are presumptively the "most adequate plaintiff."

The presumptive lead plaintiff – in this case the Nannicinis – must be appointed unless it is proven that they will not fairly and adequately protect the interests of the class or are subject to unique defenses rending them incapable of adequately representing the class. "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original); *see Murphy v. JBS*

---

[4] Critically, the courts that have given weight to net shares purchased warn that doing so is not appropriate in cases, like here, where there is more than one partial corrective disclosure. That is because the fraud premium varies during the class period, causing certain transactions to have greater compensable losses than others. *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *5 (S.D.N.Y. Dec. 5, 2019) ("Plaintiff alleges that there were three separate disclosures . . . . Thus, the instant case is the type of case in which *Network Associates* counsels against relying primarily on net shares purchased."); *In re CMED Sec. Litig.*, 2012 WL 1118302, at *4 (S.D.N.Y. Apr. 2, 2012) (rejecting the retained shares methodology where the pleadings alleged partial corrective disclosures).

- 4 -

*S.A.*, 2017 WL 4480751, at \*5 (E.D.N.Y. Oct. 6, 2017) ("'Exacting proof' is needed to rebut the presumption."). Here, there can be no dispute that the Nannicinis meet the adequacy and typicality requirements. The Nannicinis have also selected counsel that are highly experienced in securities litigation. *See* ECF 21 at 6-8.

Consequently, the "most adequate plaintiff" presumption that lies in the Nannicinis' favor has not been rebutted. The Nannicinis' motion should be granted and the competing motions should be denied.

## III.    CONCLUSION

The Nannicinis possess the largest financial interest in the relief sought by the class. In addition, the Nannicinis meet the requirements of adequacy and typicality, and the presumption which lies in favor of the Nannicinis cannot be rebutted.

As a result, the Nannicinis respectfully request that this Court enter an order: (1) consolidating the above-captioned related securities class actions; (2) appointing the Nannicinis as Lead Plaintiff; and (3) approving the Nannicinis' selection of Lead Counsel.

DATED:  June 25, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                         *s/ David A. Rosenfeld*
                                  DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

- 5 -

4854-7551-2523.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4854-7551-2523.v1