UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEREMIE COMEAU, Individually and On
Behalf of All Others Similarly Situated,

      Plaintiff,                                MEMORANDUM
                                                       AND ORDER
     -against-                              24 CV 2750 (NGG)(RML)

VINFAST AUTO LTD., et al.,

      Defendants.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated June 17, 2024, the Honorable Nicholas G. Garaufis, United States District Judge, referred for decision the motions of plaintiffs Nick Voravongsy and Lea Luckett (Dkt. No. 13), Sarah Quach (Dkt. No. 16), Meng Qian (Dkt. No. 17), Mahmoud Zayan ("Zayan") (Dkt. No. 19), and Filippo Nannicini, Lorenzo Nannicini, and Alessandra Nannicini (the "Nannicinis") (Dkt. No. 20) for consolidation of actions 24-CV-2750 and 24-CV-3956 and for appointment as lead plaintiff and lead counsel. On June 12, 2024, Sarah Quach filed a notice of withdrawal of her motion. (See Dkt. No. 24.) On June 25, 2024, Meng Qian filed a notice of non-opposition. (See Dkt. No. 25). Also on June 25, 2024, Nick Voravongsy and Lea Luckett filed a notice of non-opposition to the Nannicinis' motion. (See Dkt. No. 26.) This leaves the motions of the Nannicinis (Dkt. No. 20) and Zayan (Dkt. No. 19). All movants agree that the cases should be consolidated as related.

        Briefly, this is a federal securities class action on behalf of a class consisting of all persons and entities that purchased or otherwise acquired VinFast Auto Ltd. securities: (a) pursuant and/or traceable to the offering documents issued in connection with a merger consummated on August 14, 2023; and/or (b) between August 15, 2023 and January 17, 2024 (the "Class Period"). (See Class Action Complaint, filed Apr. 12, 2024, Dkt. No. 1, ¶ 1.)

Plaintiffs assert claims under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").[1] (Id.)

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  Although "[t]he PSLRA does not specify the method of calculating which plaintiff has the 'largest financial interest[,]' [c]ourts have typically considered . . . the 'Olsten-Lax' factors[] to determine who has the greatest financial interest." In re Comverse Tech., Inc. Secs. Litig., No. 06 CV 1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (citing In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); Lax v. First Merchants Acceptance Corp., No. 97 CV 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) [the] total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 475 (S.D.N.Y. 2011).  "[T]he fourth factor [(approximate loss)] 'is by far the most important.'" Maeshiro v. Yatsen Holding Ltd., 22 CV 8165, 2023 WL 4684106, at *4 (S.D.N.Y. July 21, 2023) (quoting City of Sunrise Firefighter's Pension Fund v. Citigroup Inc., 20 CV 9132, 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021)); see also In re Comverse, 2007 WL 680779, at *3 ("Most courts consider the fourth factor, the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest.").

---

[1] The Securities Act claims relate to the offering documents for the merger.  The Exchange Act claims relate to alleged false and misleading financial statements issued during the Class Period.

2

The Nannicinis' loss is $262,254 under the Exchange Act claim and $131,880 under the Securities Act claim. Zayan's loss is $133,396 under the Exchange Act claim and $137,850 under the Securities Act claim. (See Nannicinis' Reply in Further Support of Motion for Appointment as Lead Plaintiff, dated July 2, 2024, Dkt. No. 30, at 1.) The Nannicinis therefore have the largest financial interest in this litigation. There is no dispute that the Nannicinis satisfy the commonality, typicality, and adequacy requirements under Rule 23.

Zayan concedes that "the Nannicinis have the 'largest financial interest' of the Section 10(b) [Exchange Act] Class within the meaning of PSLRA," but he argues that there should be two separate classes, one for the Exchange Act (§ 10(b)) plaintiffs and one for the Securities Act (§ 11) plaintiffs, and that he should be appointed as a separate lead plaintiff for a separate "Section 11 Class," since his Securities Act loss is larger than that of any competing movant. (Memorandum of Law of Mahmoud Zayan, dated June 25, 2024, Dkt. No. 27, at 1-3.) Zayan argues that "a single lead plaintiff may be conflicted in representing multiple classes that will face different hurdles and may therefore be incentivized to settle at different stages of the proceedings." (Id. at 4.)

However, courts have consistently held that, even where a party has zero losses under one claim in a securities class action but the largest financial stake overall, that party still has standing to pursue all claims as lead plaintiff on behalf of the class. See Hevesi v. Citigroup Inc., 366 F.3d 70, 82 (2d Cir. 2004) ("[B]ecause the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim."); In re OSI Pharms., Inc. Sec. Litig., No. 04 CV 5505, 2005 WL 6171305, at *5 (E.D.N.Y. Sept. 21, 2005) ("[T]his Circuit has endorsed a preference that district courts decline

3

to cobble together a group of lead plaintiffs in an effort to ensure that the lead plaintiff possesses the requisite standing to assert all claims."); see also Marquez v. Bright Health Grp., Inc., 22 CV 101, 2022 WL 1314812, at *8 (E.D.N.Y. Apr. 26, 2022) (appointing as lead plaintiff the movant claiming the largest loss under the Exchange Act and declining opposing movant's request to appoint him as co-lead plaintiff for a separate Securities Act class); Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (appointing movant claiming largest overall loss despite that movant's claiming no Securities Act loss); In re Cendant Corp. Litig., 182 F.R.D. 144, 148 (D.N.J. 1998) (denying request for appointment as co-lead plaintiff and noting that "every warrior in this battle cannot be a general").  Here, the Nannicinis have alleged a loss of more than $131,000 under the Securities Act and thus do have standing, as well as a significant financial incentive, to zealously pursue the Securities Act claims (in addition to the Exchange Act claims) on behalf of the class.

      Having reviewed the parties' submissions, and all of the case law cited therein, I find that the Nannicinis have the largest financial interest in the relief sought by the class.  The Nannicinis' motion for an order (1) consolidating the related securities class actions, (2) appointing the Nannicinis as lead plaintiff pursuant to the PSLRA, 15 U.S.C. §77z-1, *et seq.* and 15 U.S.C. §78u-4, *et seq.*; and (3) approving Robbins Geller Rudman & Dowd LLP as lead counsel for the proposed class (Dkt. No. 20) is hereby granted.  The motion of Mahmoud Zayan for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 19) is denied.

    SO ORDERED.

                                                  /s/
                                    ROBERT M. LEVY
                                    United States Magistrate Judge

Dated: Brooklyn, New York
       November 1, 2024